Joseph J. Vitale
Michael S. Adler
COHEN, WEISS AND SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York 10036
Telephone: (212) 563-4100
Facsimile: (212) 695-5436

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC -9 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

JOSEPH A. FERRARA, SR., FRANK H. FINKEL,
MARC HERBST, DENISE RICHARDSON,
THOMAS F. CORBETT, ANTHONY D'AQUILA,
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local
282 Welfare Trust Fund, the Local 282 Pension
Trust Fund, and the Local 282 Annuity Trust Fund,

                 Plaintiffs,

- against -

ROYAL WASTE SERVICES, INC.

                 Defendant.

-------------------------------------------------------------------- x

CIVIL ACTION NO.:

CV11 - 6003

JOHNSON, J

LEVY, M.J

## COMPLAINT

Plaintiffs Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, Thomas F. Corbett, Anthony D'Aquila, Thomas Gesualdi, Louis Bisignano, Dominick Marrocco, and Anthony Pirozzi, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds"), for their complaint allege as follows:

00198883.2

## INTRODUCTION

This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145. This action arises from the failure of defendant Royal Waste Services, Inc. ("Royal Waste") to permit the Funds to audit Royal Waste's books and records.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Sections 502(a)(3), 502(e)(1), 502(f) and 515 of ERISA, 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), as the Funds are administered in this district.

## THE PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). Plaintiffs have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042. The Funds are jointly administered by a Board of Trustees, comprised of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

5. Pursuant to the terms of various collective bargaining agreements between

Local 282, International Brotherhood of Teamsters ("Local 282" or the "Union") and various employers (the "Employers"), the Employers, including Royal Waste, are required to contribute to the Funds on behalf of employees covered by the collective bargaining agreements.

6. The Funds are maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants.

7. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

8. Upon information and belief, Royal Waste is, and at all times relevant to this action has been, a New York corporation, with an address of 187-40 Hollis Ave, Hollis, New York 11423. Royal Waste is, and at all times relevant to this action has been, engaged in the demolition, debris, asbestos removal and toxic waste business within the State of New York. Royal Waste is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement, and
the Obligations to Contribute to the Funds and Submit to Audit

9. Royal Waste is bound to the Demolition, Debris, Asbestos Removal and Toxic Waste Agreement with Local 282 for the period from July 1, 2005 through June 30, 2008 (the "2005 CBA"). By its conduct, Royal Waste evinced intent to be bound by the Demolition, Debris, Asbestos Removal and Toxic Waste Agreements with Local 282, in effect for the periods from July 1, 2008 through June 30, 2011 (the "2008 CBA") and July 1, 2011 through June 30,

2015 (the "2011 CBA," with the 2005 CBA and the 2008 CBA, the "CBAs"), and thereby adopted said agreements by its conduct. Specifically, since July 1, 2008, Royal Waste has remitted contributions due at the applicable contribution rates prescribed by the 2008 CBA and the 2011 CBA.

10. At all times relevant to this action, the CBAs have required Employers that are parties thereto to make contributions to the Funds on behalf of their covered employees, at specified rates for each hour of covered employment, subject to certain limitations and premium payments which are set forth therein.

11. The CBAs bind Employers to the Trust Agreement.

## The Trust Agreement and the Obligation to Permit an Audit

12. The Trust Agreement requires an Employer to submit remittance reports and contributions to the Funds. These reports state the Employer's weekly or monthly statement of the number of hours worked by its employees who are covered by the CBAs as well as the Employer's stated weekly or monthly contribution to each Fund.

13. The Trust Agreement requires an Employer to submit to periodic audits. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

14. Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

    (a)    Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;

    (b)    Payroll tax records submitted to federal and state governments, including Forms 941, W-2;

    (c)    Complete business income tax returns;

    (d)    Cash disbursements records;

    (e)    General ledgers;

    (f)    Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and

    (g)    Any other records specifically requested by the Funds' auditors, including the classification of Employees, their social security numbers, and the amount of wages paid and hours worked.

15. Article IX, Section 1(d) of the Trust Agreement additionally provides that pertinent books and records of an Employer include:

> the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. §1301(b)(1) for withdrawal liability purposes, which includes the Employer.

16. The Trust Agreement requires Employers to submit to audit in order to verify that (i) all contributions required under the applicable collective bargaining agreement(s) have been remitted to the Funds, (ii) such contributions have been made solely on behalf of individuals eligible to participate in the Funds and (iii) covered employees are receiving the required benefits and/or credits.

17. Article IX, Section 1(f) of the Trust Agreement provides that the Trustees may "apply for and be entitled to a mandatory injunction directing the Employer to produce its said books and records for audit."

18. Article IX, Section 3 of the Trust Agreement provides that an Employer determined to owe contributions by an audit is required to pay, in addition to the contributions due, interest, liquidated damages, attorney's fees, audit fees, filing fees, and costs.

19. Pursuant to Article IX, Section 3 of the Trust Agreement, as amended, interest is calculated at the rate of 1-1/2 percent per month, and is due from the first day of the month when the payment was due to the date when payment is made.

Authorization for Estimated Audits to Calculate Contributions and Other Amounts Owing

20. Article IX, Section 1(e) of the Trust Agreement provides that an Employer who "fails to submit the required remittance reports and/or pertinent books and records for audit within twenty (20) days of written demand must pay an increased monthly contribution."

21. Article IX, Section 1(e) of the Trust Agreement further provides that the increased monthly contribution for which the Employer is liable is calculated by multiplying the applicable contribution rates by the total number of covered hours as determined by the methods described below in paragraph 30.

22. Article IX, Section 1(e) of the Trust Agreement provides that, for the purpose of calculating increased monthly contributions for which an Employer is liable, the total number of covered hours is determined as follows: (1) "by first adding 10% to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) remittance reports submitted by the Employer (hereinafter referred to as the 'base month')"; (2) in the event that an audit discloses unreported hours for the base month, the amount of said unreported hours is increased by 10% and then added to the number, if any, of reported hours in the base month (which is also increased by 10%) to arrive at the total number of covered hours in the base month; and (3) in the event that no base month can be identified because there are no previous remittance reports or audit reports, the Employer is deemed to have the number of employees that the Union reports in writing that the Employer is employing, and each employee is deemed to have worked 40 hours per week for the entire unreported period.

23. Article IX, Section 1(f) of the Trust Agreement provides that where an Employer:

> submits the required remittance reports, but thereafter such Employer fails to submit the pertinent books and records for audit within 20 days of written demand, such failure shall be a material breach of the Trust Agreement. In such event the Trustees and/or their agents may compute the additional contributions due for any month by taking 50 percent of the number of hours reported for that month and then multiplying said number of hours by the current contribution rate.

<u>The Failure to Allow an Audit</u>

24. By letter dated April 7, 2011, the Funds' auditors requested that Royal Waste submit to an audit for the period from January 31, 2010 through February 28, 2011.

25. By letters dated October 7, 2011 and October 24, 2011, Funds' counsel requested that Royal Waste submit to an audit for the period commencing January 31, 2010.

26. Despite the foregoing actions by the Funds, Royal Waste has failed to produce its books and records to audit and pay amounts which would be due as a result of an audit and/or estimated audit.

## **FIRST CAUSE OF ACTION**

27. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if fully set forth herein.

28. Section 515 of ERISA, 29 U.S.C. §1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

29. Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or

practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

30. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that, "[i]n any action brought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –

    (a)    the unpaid contributions,

    (b)    interest on the unpaid contributions,

    (c)    an amount equal to the greater of –

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages. . . in an amount not in excess of 20 per cent of the [unpaid contributions],

    (d)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (e)    such other legal or equitable relief as the court deems appropriate . . . ."

31. Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g)(1), further provides that "[i]n any action under this subchapter [other than one described in 502(g)(2)] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action."

32. Royal Waste, by virtue of its failure to submit to an audit, is subject to an injunction ordering it to submit immediately to such audit and is required to pay the contributions due according to the audit, interest on the delinquent contributions, liquidated damages, audit fees, attorney's fees, and costs.

33. Royal Waste, by virtue of its failure to submit to an audit within twenty

(20) days of written demand, is further liable for an increased monthly contribution for each month during the period for which the books and records were not produced.

34. In accordance with Article IX, Section 1(e) of the Trust Agreement, for each month in which an Employer failed to submit required remittance reports and/or failed to submit pertinent books and records to the Funds' auditors within twenty days of written demand, the Employer's contribution rate due under the Trust Agreement provision is computed as stated therein.

35. In accordance with Article IX, Section 1(f) of the Trust Agreement, for each month in which an Employer did submit required remittance reports but failed to submit pertinent books and records for audit within twenty days of written demand, the Employer's increased monthly contribution rate due under this Trust Agreement provision is computed as stated therein.

36. Royal Waste is also required to pay interest on contributions due, liquidated damages, audit fees, attorney's fees, and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

37. Royal Waste, by failing to submit to an audit and/or pay amounts due as a result of an audit or estimated audit, and as required by the CBAs and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, by failing to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), and remedies under Section 502(g) of ERISA, 29 U.S.C. §1132(g).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter a judgment:

1. Ordering Royal Waste to submit to audit by providing the Funds with all of its pertinent books and records for the period from January 31, 2010 through the audit date;

2. Ordering Royal Waste to pay (i) any delinquencies identified by the audit, (ii) interest on the contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment, (iii) an amount equal to the greater (a) of interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the cost of the audit;

3. Ordering Royal Waste to further pay (i) estimated contributions in an amount computed under Article IX, Sections 1(e) and/or 1(f) of the Trust Agreement for the period from January 31, 2010 through the audit date, (ii) interest on the contributions at the rate of 18% per year from the first day of the month when the payment was due through the date of payment, (iii) an amount equal to the greater (a) of interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs incurred in estimating the amounts due;

4. Awarding plaintiffs reasonable attorney's fees and costs of this action pursuant to Sections 502(g)(1) and (g)(2) of ERISA, 29 U.S.C. §§1132(g)(1) and (g)(2), and Article IX, Section 3 of the Trust Agreement; and

5. Ordering such other legal and equitable relief as the Court deems proper.

Dated: December 6, 2011
New York, New York

Respectfully submitted,

*[signature]*

Joseph J. Vitale
Michael S. Adler
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiffs